UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CURTIS GLENN HARTSHORN,<br><br>                Plaintiff,<br><br>    v.<br><br>CORRECTIONAL MEDICAL SERVICES; IDAHO DEPARTMENT OF CORRECTIONS; JOHN HARDISON, Warden; S. W. FISHER, Deputy Warden; JAN EPPS and LARRY HINES, Health Services Administrators; JILL WHITTINGTON; BOB BOWFORT; BONNIE MINNICK; L. LEE; KAT AMOS; and JOHN and JANE DOES Nos. 1-6, CMS employees,<br><br>                Defendants. | Case No. 1:08-cv-00308-BLW<br><br>**ORDER** |

        Pending before the Court is Plaintiff's "Petition for Reconsideration of the Court's Decision to Dismiss Petitioner's Civil Rights Complaint," filed on October 1, 2010. (Dkt. 63.) This Motion follows denial of Plaintiff's earlier "Motion to Alter or Amend Judgment," filed November 23, 2009. (Dkt. 59.) Having reviewed Plaintiff's Petition for Reconsideration, the Court has determined that there is no basis for the Court to reconsider its earlier ruling.

        Plaintiff urges reconsideration of the Court's ruling that, even though the prison

ORDER - 1

policy–requiring that a copy of the Offender Concern Form (OCF) be attached to the Grievance–might have resulted in Plaintiff being left with no copy of his own, Plaintiff was still required to follow the grievance procedures to properly exhaust his administrative remedies before filing a civil rights lawsuit.

The record reflects that Plaintiff was told three times by Grievance Coordinator Jill Whittington to attach copies of the Offender Concern Forms (OCF) to his Grievance Forms, so the prison could determine whether Plaintiff had tried to resolve the issue informally, a pre-requisite to filing a grievance. (Complaint Exhibits, Dkt. 3-2 at 5 (3/3/08), Dkt. 3-2 at 7 (4/7/08), and Dkt. 3-2 at 12 (additionally clarifying that a handwritten attachment in lieu of the OCF form was *not* acceptable) (6/6/08).)

Notwithstanding the instructions from the prison on how to resubmit the three Grievances in proper form, Plaintiff refused to do any of the following: (1) attach the OCF copy he had; (2) attach the OCF copy he had and seek a receipt or confirmation upon its submission; (3) ask staff for help in making a copy if the resource center was unavailable or refused to make a copy; or (4) make a copy in the resource center as soon as copying became available again. (See Dkt. 3-2 at 14-15.)[1] Given these simple alternatives, Plaintiff's arguments about the inadequacy and futility of the grievance system are unconvincing.

---

[1] On May 29, 2008, Plaintiff wrote to Jill Whittington: "I can't send you my concern forms because I don't have copies and it's taking almost 2 weeks to get into the resource center due to the old paralegal quitting." Contrary to that assertion, Plaintiff now argues, without sufficient factual basis, "it is a fact that they do not make copies of concern forms at the resource center." (Dkt. 63 at 2.)

**ORDER - 2**

Again, "exhausting one's administrative remedies" is not a meaningless requirement, since it notifies the prison of problems so that it can resolve them short of litigation. Accordingly, it is fair to require Plaintiff to take one of the simple actions suggested above to notify prison officials of his claims in order for the Court to deem Plaintiff's claims exhausted. An inmate must take "reasonable and appropriate steps" to exhaust prison administrative remedies." *Nunez v. Duncan*, 591 F.3d 1217, 1225 (9th Cir. 2010).[2]

"Just because Plaintiff was unhappy with the procedural requirement of attaching the pink copy does not entitle Plaintiff to ignore the exhaustion requirements." (Order of 09/24/09, Dkt. 53 at 8.) Because Plaintiff could have complied with the prison's instructions for refiling his grievance in any number of ways, the instructions did not render administrative remedies effectively unavailable so as to excuse the failure to exhaust. *See Sapp v. Kimbrell*, 623 F.3d 813, 822 (9th Cir. 2010). Here, as in *Sapp v. Kimbrell*, "nothing in the district court record suggests that the prison had created draconian procedural requirements that would 'trip[ ] up all but the most skillful

---

[2] Plaintiff also suggests that the Court failed to construe inferences in his favor under Rule 56. In this case, the exhaustion issue was brought alternatively as a motion to dismiss or a motion for summary judgment (Dkt. 30), and the Court treated it as an unenumerated 12(b) motion. (Order of 09/24/09, Dkt. 53 at 4.) The United States Court of Appeals for the Ninth Circuit has directed that an affirmative defense of failure to exhaust administrative remedies should be brought as an unenumerated 12(b) motion. *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust administrative remedies, a court may look beyond the pleadings and decide disputed issues of fact. *Id*. at 1119-20. In any event, in this case, there is no dispute that Plaintiff simply refused to give up his copy of the OCF. Plaintiff argues: "It is not reasonable to expect the [Plaintiff] to send the defendants his only evidence that he has tried to exhaust his remedies." (Petition for Reconsideration, Dkt. 63 at 6.)

**ORDER - 3**

prisoners'–which might . . . render administrative remedies effectively unavailable so as to excuse a failure to exhaust." (*Id.* at 827, citing *Woodford v. Ngo*, 548 U.S. 81, 102 (2006)).

Federal courts "have distilled various grounds for reconsideration of prior rulings into three major grounds for justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) need to correct a clear error or to prevent manifest injustice." *Louen v. Twedt*, 2007 WL 915226 (E.D.Cal. March 26, 2007). Plaintiff has not met his burden of showing any of these grounds. Accordingly, Plaintiff's Petition for Reconsideration will be denied.

## ORDER

**IT IS ORDERED** that the "Petition for Reconsideration of the Court's Decision to Dismiss Petitioner's Civil Rights Complaint" (Dkt. 63) is DENIED.

DATED: **September 22, 2011**

Honorable B. Lynn Winmill
Chief U. S. District Judge